Houck, J.
The material facts necessary for a proper inquiry as to the errors complained of in this case are as follows:
*462 That on the 13th day of August, 1915, George Wolf, the plaintiff’s decedent, was about eleven years of age, and on the evening of said day, after dark, was playing a certain game with other boys; that in so 'doing he -climbed into a shade tree in front of the property of William Schwier, located at No. 297 East Fourth street, Mansfield, Ohio, which tree was located between the sidewalk and curbing along -said street; that some of the limbs of the tree were within four or five feet of the ground, and on the evening- in question there was, and had 'been for some days prior thereto, a large number of bri'ck piled around the body of said tree to within two or three feet of the lower limbs; that on the aforesaid 13th day of August, 1915, and for a long time prior thereto, one of the electric light wires belonging to the defendant company, and carrying a high voltage, was located in said tree, about twenty feet from the ground and about three feet from the body of the tree; that at the particular point where said wire was about three feet from the body of the tree the wire had become uninsulated, and was so on said 13th day of August, 1915, and had been in such condition for a period of more than six weeks prior, thereto; that the decedent at no time knew of any impairment in said wire; and that on said day and at the time aforesaid the decedent climbed into said tree, and when he had reached the place where said wire passed through the limbs of the tree, about twenty feet from the ground and about three feet from its body, the decedent came in contact' with said wire where it was uninsulated, by reason *463 whereof the electric current from said wire passed through his body causing instant death.
The case before us for review was submitted to a jury upon the evidence offered by the parties to the suit; and under the proven facts, and the law as given to the jury by the trial judge, the jury returned a verdict for the defendant. The court, after overruling a motion for a new trial, entered judgment on the verdict.
From a careful examination of the bill of exceptions in this case with reference to the evidence admitted and rejected by the court below, and from the propositions of law given to the jury, as well as those refused, bearing upon the question as to whether or not the decedent was a trespasser, we are bound to find that from early in the trial in the court of common pleas, and to the end thereof, the learned trial judge was of the opinion that the decedent was a trespasser in fact and in law, -and was not entitled to a judgment against the defendant'.
The trial court in the general charge to the jury gave the following:
“Then you will further inquire as to why plaintiff’s intestate was in said tree; and if you further find that the decedent was in said tree without invitation or permission on the part of the defendant company, and that defendant company had no reason to believe or anticipate that children would climb into said tree and come in contact with said wire, and that the decedent knew that the wire through said tree was the property of the defend- ■ ant company, and you find that plaintiff’s intestate took hold of said wire, and came in contact with *464 it, knowing it was the property of the defendant company, I charge • you that plaintiff’s intestate, George Wolf, by his own act made himself a trespasser against defendant company, and if you so find, plaintiff can not recover.”
From the language thus used it will be seen that the court assumed that the decedent had no ■right, as a matter of law, to be in said tree, as ° plainly indicated by the following language: “Then you will further inquire as to why plaintiff’s intestate was in said tree.”
We think that the decedent had a legal right in the tree; that the tree was not the property of the defendant 'company, and therefore, so far as the decedent was concerned, he had a clear right to be just where he was at the time he met his death. True, the defendant company was within its rights when it placed the wire in question in the tree, but when it did so the burden of keeping it free from danger — properly insulated, and clear from any defects that the law requires of those who own or operate such dangerous agencies as an electric wire charged with a high voltage of electricity — continued with the company, and this duty vested in it at the time the decedent came in contact with the wire.
The charge further states that if “the decedent Was in said tree without invitation or permission on the part of the defendant company,” then no recovery could be had. This instruction would 'have been proper if the tree had been on the lands of the company and owned or controlled by it, but- sitch is not the fact, as conceded by the parties hereto. We think this instruction is and was *465 misleading, and not responsive to any issue raised by the pleadings and the facts, especially by the proof in the case, and therefore is prejudicially erroneous to the rights of the plaintiff in error.
The court further charged the jury that “in order to charge defendant company with liability you must further find that defendant company knew that children were in the habit of playing in the streets and climbing into trees, and had reason to believe or anticipate that children might come in contact with said wire by climbing into the trees, and be injured thereby. If you fail to so find your verdict will be for the defendant.
■We find this part of the charge erroneous and prejudicial h> the plaintiff in error, because it casts upon the plaintiff the burden of proving actual knowledge upon the part of the defendant of the fact, if it be a fact, that children were in the habit of playing in the streets ancf climbing into the trees, and by reason thereof might come in contact with the wire in question. We hold that the degree of proof required by this instruction is greater than the law requires under the proven facts and circumstances in the case.
The plaintiff below (plaintiff, in error here) requested the court to charge the jury as follows, but it was refused:
“I charge you, as a matter of law, that it was the duty of The Mansfield Railway, Light & Power Company, under the circumstances shown in this case, to have anticipated that boys of tender years would climb into trees of the size of the one in question, and that if The Mansfield Railway, Light- & Power Company maintained lines of wires *466 •through such trees, and through it they conveyed currents of electricity of high voltage, dangerous to life, it was the duty of the company to so insulate and otherwise protect said wires so as not to cause 'injury to others who are not trespassers coming in contact therewith from injury.”
In our judgment the law, as embodied in the above request, is sound, and clearly pertinent to a proper determination of the facts by the jury, .as shown by the evidence in the case. Taking this view of it and without further discussing the same we find the trial judge was in error, to the prejudice of the plaintiff in error, when he refused to give to 'the jury said request.
Summing up the case before us on the state of facts as presented by the record, and admitting that plaintiff’s intestate was lawfully in this tree when he met his death, and that defendant had a ■right to the use of the tree for its electric light wires, yet neither of them, while in the exercise of these rights, could escape the legal liability resulting from a failure to perform a duty which the law requires, a failure which resulted in the injury of the other. Applying this rule, which to us seems sound, to the facts in the present case, how stands the issue? The defendant company was bound to exercise the highest degree of care in transmitting the electric current through its wire, in order to protect the lives and save from injury those who without negligence or fault on their part might come in contact with it; and to do this it was necessary that such wire be properly insulated, which in this case was not done, and as a result of such failure on 'the part of *467 the defendant company plaintiff’s intestate, George Wolf, came to his death.
What negligent act on the part of decedent was . done by him that caused his death? We fail to find any. We are bound to conclude from the very nature of the business of an electric company, which in the conduct of its business uses highly charged wires, that, outside of and irrespective of any contractual relation, it owes' a legal duty towards all persons who are engaged in a lawful business, or who are in a place where they have a lawful right to be and are liable to come in contact with the wires, to see that the wires are properly insulated.
It being the duty and incumbent upon the defendant company to keep the wire in question properly insulated, we are of the opinion that George Wolf, at the time he climbed into said tree, and at the time he came in contact with said wire, had, as a matter of law, the right to assume and believe that 'the wire was properly insulated.
■ This leads us to inquire, What was the proximate cause of the death of George Wolf? Our answer, based upon the facts and the law governing them, is, and must be, the failure of the defendant company to have said electric wire properly insulated.
As 'to the proximate cause of a death, it' is not necessary that the exact or precise result which occurred should have been anticipated. It is sufficient if in the light of all the surroundings such a result might have been anticipated or expected.
This brings us to a determination of what seems to us to 'be the real problem to be solved, *468 and really the one question here presented under the conceded facts, namely: Was there on the part of the defendant company a breach of the duty which it owed to the plaintiff’s intestate ? In the face of the facts presented by the' record in this ease, and in the application of the law governing same, we are bound to answer this question in the affirmative.
The mischief here was caused by the defendant company maintaining an uninsulated electric wire, which was the proximate cause of the death of George Wolf, who, at the time of his sudden departure, was not a trespasser in fact or in law.
Having pointed out the foregoing errors of law, as they appear to us from an examination of the record here presented, and finding them prejudicial to the legal rights of the plaintiff in error, we must therefore reverse the judgment of the court of common pleas, as entered in this case, and remand the cause to that court for a new trial.

Judgment reversed, and cause remanded.

Shields, J., concurs.
Powell, J., not participating.